Thomson, J.
Action for the enforcement of an alleged mechanic’s lien. The complaint stated that the plaintiff, Henry W. Michael, in pursuance of a contract with Charles E. Taylor, furnished labor and material for the construction of a dwelling house for the latter, and, within the statutory time, filed with the recorder the requisite statement of his claim, for the purpose of securing a lien.
A trust deed upon the property sought to be charged, had, prior to the commencement of the action, been executed by Taylor to Biddle Reeves, to secure the payment of an indebtedness of Taylor to the Mortgage Trust Company of Pennsylvania. This trust deed was subsequently foreclosed, and the American National Bank of Denver became the purchaser. The foreclosure took place after this suit was brought, and the bank was then made a party defendant. Having acquired Taylor’s title, it was, virtually, the sole defendant. It answered putting in issue the allegation that the defendant furnished labor or material for the construction of the building. Judgment went against the plaintiff, and he brings error.
The only evidence in the case was the testimony of the plaintiff. It was brief, and we give it in full:
“ Q. Mr. Michael, you are the plaintiff in this case ?
“A. Yes, sir.
“ Q. State whether or not on or about the 20th day of November, 1891, you entered into a contract with the defendant Charles E. Taylor, by which you agreed to furnish *462 a furnace, and place the same in the house which he owned at that time on lots Nos. 17,18,19 and 20, in Block 44, Wyman’s Addition to the city of Denver.
“ A. Yes, sir.
“ Q. Did you place that furnace in the house ?
“A. Yes, sir.
“ Q. How much was he to pay you for it ?
“ A. Four hundred dollars.
“ Q. Has. he paid you the same or any part thereof ? •
“A. No, sir.
“ Q. State whether or not you performed some work for Mr. Taylor on or about the 19th of March, 1892, of the value of $2.25.
“ A. Yes, sir.
“ Q. Has he paid you for that or any part thereof ?
“A. No, sir.
“ Q. The amount that Mr. Taylor owes you at the present time, with interest, is $540.37 ?
“ A. Yes, sir.”
The act of March 2, 1883, as amended by the act of April, 1889, was the law in force when the transactions took place upon which this claim to a lien is predicated. 2 Mills’ Ann. Stat. sec. 2867, et seq. By the terms of that law, the right to a lien was granted to any person who, by contract with the owner of land, should do work or furnish material for the construction, enlargement, alteration or repair of any building or other structure upon the land. Outside of the statute, there is no right to a mechanic’s lien, and one asserting such a lien must bring his claim within the terms of the law. The complaint alleged that the work and material for which a lien was claimed were furnished by contract with Taylor for the construction of a dwelling house on the land it described. There was no proof that Taylor ever constructed any dwelling house, or any building of any kind, on any land. The proof was that he owned a house when the contract was made, and that the furnace was placed in that house. According to the witness the house must have been in existence, *463 and not in prospect, at that time. A supposition that Taylor bought a house already constructed, and that it was a fully completed building when the contract was made, is entirely consistent with the language of the witness. There' was, therefore, a failure to prove that the furnace was furnished for the construction of the house. Where the work which the plaintiff included in his claim, was done, or what connection, if any, it had with the house .in question, he did not attempt to show. The allegation of work and material furnished for the construction of a house was left without support, and therefore fell.
But it does not appear that this furnace was so placed that, in any event, it could be the basis of a lien upon the building. Placing stoves or chairs, or other portable articles, in a house, would give no right to a mechanic’s lien, and for aught that was shown, the furnace never lost its character of movable personal property.
The judgment must be affirmed.

Affirmed.